[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Robert S. Bello, Esq., for the Petitioner
David I Cohen, Esq., Senior Assist. State's Attorney for the State.
BY THE DIVISION
The petitioner was convicted after a trial by jury of Felony Murder in violation of Conn. Gen. Stat 53a-54c, and53a-133 (1). At the time of sentencing, he was given the maximum sentence allowed by law of sixty years to serve.
The evidence at trial shows that the Stamford police were summoned to the Bloomingdale's parking garage, upon arrival the police found a sixty-one year old woman in a pool of blood. The victim was determined to be deceased, suffering from at least five stab wounds to the rear and front of her neck and throat. It was determined that the victim died from the wounds and accompanied massive bleeding. CT Page 10066
At the hearing, counsel for the petitioner argued that the legislature set up gradations of sentencing for a purpose. Here the petitioner claims that there was no direct evidence linking the defendant and that he was convicted upon circumstantial evidence. Counsel pointed out to the panel that the petitioner came from a background of poverty and that he has been institutionalized in the North Carolina systems since the age of nine years old. He stated that it should be obvious that with a track record like his the social systems within correctional systems have seriously ailed in North Carolina. In discussing the petitioner's conduct counsel indicated that he was going to Bloomingdales to steal a purse to support his drug habit and that he had no intent to commit murder. At the hearing petitioner submitted to the Division a survey of sixteen sentences for murder disposed of in the Stamford courthouse over the last eight years. In reviewing the document, it shows that the accuracy or completeness of the information could not be given by the petitioner, nor could the Division tell under what circumstances the sentences were imposed, the track record of the convicted party nor whether the sentence was from a conviction by jury or a plea bargain
The attorney for the State noted that the trial lasted for about three and one-half months. He reminded the Division that the trial court had the best perspective of the petitioner and that the sentence imposed should be given great weight. He stressed to the Division the viciousness of the crime in that the victim was stabbed five separate times; then the petitioner cooly left the parking lot, went into the store and went through the victim's purse while watching the police respond to his criminal acts. In reviewing the petitioner's criminal history, it shows that he has committed crimes while in jail and has spent only eighteen months outside of prison all of his adult life. Counsel indicated that the petitioner was a menace to society and that the crime he committed had a significant impact on the community and the victim's family. In conclusion, he stated that if there was ever a situation that called for a maximum sentence "this is it."
In reviewing the sentencing transcript it shows that the judge measured the crime and the man appropriately. In sentencing the judge balanced that a life was lost in such a way that it devalued life itself. The judge felt that the petitioner must be removed from society for the rest of his life in order to affirm that life is precious and has meaning. "This was, as I said, a senseless and vicious act perpetrated on a defenseless middle-aged woman."
The sentence imposed by the court was appropriate considering that a life was lost in such a brutal and senseless CT Page 10067 manner. The petitioner has totally rejected societal norms throughout his entire life. The sentence is affirmed.
Norko, J.
Klaczak, J.
Stanley, J.
Norko J., Klaczak, J. and Sanley, J. participated in this decision.